## No. 5425.

### R. N. OGDEN vs. A. MARCHAND.

The holder of a negotiable note, who has bought it in good faith, and before its maturity, acquires a valid title to it, though it be shown that the vendor of the note was not its owner, and had fraudulently disposed of it.

Where an agent has fraudulently sold his principal's property, and embezzled its proceeds, and the principal afterward accepts from the agent something in compensation for the embezzled proceeds, he thereby ratifies the sale made by the agent, and estops himself from any recourse against the innocent purchaser of his property.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. S. P. Blanc*, for plaintiff and appellant. *Hornor & Benedict*, for defendant.

The opinion of the court was delivered by MANNING, C. J.

Plaintiff sues to recover a note for eight thousand dollars, dated November 4, 1872, and payable one year thereafter to his own order and by him indorsed, which was secured by mortgage executed simultaneous with the note by E. B. Livaudais, and which, says the act of mortgage, was "handed over to said Livaudais, present and acknowledging receipt thereof." He alleges that this note is in the possession of the defendant, who obtained it in bad faith, and under circumstances in themselves suspicious, and calculated to put him on his guard; that the note had been left by him in the possession of the notary who drafted the act of mortgage, for sale and delivery through petitioner's brokers to one Rochereau, but that A. D. Voisin illegally and wrongfully took possession of the note, used it for his own purposes, and fraudulently delivered it to the defendant, whom he charges with knowledge of Voisin's condition, and of his purpose to defraud plaintiff.

Defendant pleads the general issue, and specially avers that the note is negotiable commercial paper, transferable by delivery, and that he

purchased it for a valuable consideration, in good faith and without suspicion of any defect of title, before maturity. He also avers that plaintiff has received a consideration for the note.

It appears that the purpose of plaintiff in executing the note and mortgage was to take up a note of two thousand dollars which was secured by mortgage on his lots; and also to obtain a loan, and his intention was to have that note and the mortgage which secured it canceled before the mortgage now before us was recorded. Voisin & Livaudais, a firm of brokers, were employed by him to carry out this purpose. The mortgage was executed in favor of and accepted by E. B. Livaudais, one of the members of that firm, and the note went into their hands. Two days afterward, viz.: on the sixth of December, the firm was known to be ruined, and Voisin had disappeared. Shortly after, plaintiff learned that his note for eight thousand dollars was in possession of the defendant, and his note for two thousand dollars was unpaid and outstanding against him.

Most of the testimony is directed to the attempted proof by the plaintiff of bad faith on the part of the defendant, and of the latter's knowledge of the fraud perpetrated by Voisin, and of the precarious condition of the firm of Voisin & Livaudais, but it is manifest that the defendant had not ceased to believe in their solvency and fair dealing, as he was about to enter into a new transaction with them, and the plaintiff evinces his own confidence in them by trusting them with a negotiation of his own mortgage note.

The defendant rebuts the charge that this note was received by him from Voisin in part payment of an indebtedness by the latter of twenty-seven thousand dollars or thereabouts, by the proof that he paid for the note, and produces the check for sixty-five hundred dollars on the Citizens' Bank, dated December 5, 1872, in favor of Voisin & Livaudais, which conforms both in date and amount to the other proof of the negotiation and purchase. But it is not necessary to apply here the universally recognized doctrine that the purchaser of negotiable paper before maturity acquires a good title, because, admitting all that the plaintiff alleges, he subsequently treated the defendant as the *bona fide* holder of the note by accepting from Livaudais a composition of the claim he had against the firm of Voisin & Livaudais by reason of this sale or transfer of the note to defendant. Livaudais gave plaintiff pledges from which he realized twenty-six hundred dollars, and mortgage notes upon two pieces of property for the residue of his claim against the firm. This was a condonation, so to speak, of Voisin's alleged fraud, and a settlement of the indebtedness occasioned by his illicit act, and this receipt and sale of pledges, and of the transfer of the mortgage securities, precludes the idea that the note held by Mar-

·chand was expected at that time to be recovered, and is in fact and in law a bar to that recovery.

It is true it turned out afterward that the securities thus received were worthless, because the mortgage securing them was primed by others for the full value of the property. But that should have been ·ascertained by plaintiff at or before his acceptance of them. He can not ·confirm and ratify Voisin's act by making a settlement with the firm, in which it appears he was assisted by Marchand, and afterward disown the ·settlement and proceed against the latter. Besides, if that settlement was merely provisional, as plaintiff attempts to show, he should have returned the money and securities received by him from Livaudais before or at the instant of renewing his claim against Marchand for the note. He did offer to give Marchand the securities, but we find no mention of any offer to give him the money received from the sale of the pledges.

It is not equitable that the defendant should suffer from the misplaced confidence of the plaintiff in the brokers to whom he had intrusted the negotiation of his paper, and the plaintiff has no cause to complain, since he voluntarily treated the brokers as his debtors for the ·amount realized by them from the negotiation.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is affirmed with costs in both courts.