[No. 9515. Department One. August 16, 1911.]

THOMAS McCOY, *Appellant*, v. H. S. SIMON *et al.*,
*Respondents.*[1]

PRINCIPAL AND AGENT—UNAUTHORIZED SALE OF MORTGAGE—RATIFICATION. The assignment of a mortgage by an attorney-in-fact of the mortgagee, in excess of his authority, is clearly ratified, and cannot be set aside as fraudulent, where, after notice thereof, the mortgagee treated with his agent and took security from him to cover the proceeds misappropriated by the agent, and failed to defend an action for foreclosure brought by the assignee, and there was no evidence of collusion or fraud on the part of the assignee.

[1]Reported in 117 Pac. 400.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered January 18, 1911, upon sustaining a challenge to the sufficiency of the evidence, dismissing, as to certain defendants, an action to vacate a tax sale and to quiet title. Affirmed.

*James S. Freece* and *Latimer & Jones*, for appellant.

*Charles P. Lund*, for respondents.

MOUNT, J.—The plaintiff brought this action to set aside a decree of foreclosure and a sale of certain real estate thereunder, and also to quiet title to the real estate in the plaintiff. The complaint is based upon alleged fraud and collusion against the plaintiff by defendants. The case was tried to the court without a jury. At the conclusion of the plaintiff's evidence, counsel for defendant challenged the sufficiency of the evidence, and moved to dismiss the action as to defendants Simon and Rothchild Brothers. This motion was granted, and the plaintiff has appealed from the judgment of dismissal as to these defendants.

It appears that, prior to the year 1905, plaintiff lived in the city of Sprague, in Lincoln county, where he owned several lots, some of which were improved. Mrs. Perry was a niece of the plaintiff, and she and her husband, Sherman Perry, made their home with him, living upon his property. Some time in the year 1904, or possibly in the year 1905, the plaintiff left the town of Sprague and went to the state of Oregon. In November, 1905, while the plaintiff was in Oregon, he executed and delivered to Sherman Perry a power of attorney, authorizing Mr. Perry to sell the real estate in the city of Sprague, and authorizing him to receive the consideration therefor. This power of attorney was duly recorded. Acting under it, Mr. Perry, on November 27, 1905, sold and conveyed one of the lots to one Gust Arndt, and received as consideration therefor $1,000 in cash and a promissory note for $1,537, secured by a mortgage upon the

lot. This note and mortgage matured on November 1, 1906. The note was made payable to the plaintiff. On December 27, 1905, Perry made an assignment of the note and mortgage to defendant H. S. Simon, for which Mr. Simon paid Mr. Perry the sum of $1,800.

Thereafter, about January 1, 1906, Mr. Perry and his wife visited the plaintiff in the state of Oregon, and there informed him that the lot had been sold for $2,800, $1,000 of which was paid in cash, and that a mortgage for $1,800, bearing interest at eight per cent per annum, was given for the balance; that the cash had been deposited in a bank at Sprague. Mr. Perry at that time did not inform plaintiff that he had sold the note and mortgage. On November 26, 1906, after the note became due and was not paid, the defendant Simon brought an action to foreclose the mortgage. The plaintiff was made a party along with the mortgagors, and was served by publication. No appearance was made in the action, and on February 27, 1907, a judgment of foreclosure was entered by default. Thereafter, on April 6, 1907, the property was sold to satisfy the mortgage. It was bid in by defendant Simon.

Soon after or about the time of these foreclosure proceedings, Mrs. Perry informed the plaintiff that Mr. Perry had speculated with the money obtained from the sale of the land, and had spent it all. The plaintiff about that time returned to Sprague and took up his residence with Mr. and Mrs. Perry. He knew that defendant Simon was in possession of the property, and he knew that Perry had sold the mortgage. After knowing these facts, the plaintiff treated with Mr. Perry and took from him a deed to a timber claim in Idaho, to secure the payment of the money which Perry had received from a sale of the land. There was no evidence whatever of any collusion or fraud on the part of Simon or Rothchild Brothers. The most that may be said is that the power of attorney from plaintiff to Perry did not authorize the latter to assign the mortgage, and that therefore Simon took the

mortgage with notice of want of authority in Perry to assign it. But if this is true, it appears that, after the plaintiff knew of the sale of the property and of the mortgage and that Perry had used the proceeds, plaintiff treated with him and took property from him estimated to be worth about $3,000, to secure the money which Perry had wrongfully spent. This was a clear ratification of the sale and of Perry's authority to sell the mortgage. *Ogden v. Marchand*, 29 La. Ann. 61. Plaintiff was therefore not entitled to recover against Simon, or innocent parties claiming under him.

The judgment must therefore be affirmed.

DUNBAR, C. J., FULLERTON, and GOSE, JJ., concur.